**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 80105-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JEROME JOSEPH MCFIELD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 7, 2019 |
| | ) | |

MANN, A.C.J. — Jerome McField entered into a guilty plea to resolve multiple charges, but then moved to withdraw his guilty plea. McField claimed that he did not enter into the plea knowingly, voluntarily, and intelligently. On appeal, McField contends that the trial court erred in denying his motion to withdraw his plea and that he was denied effective assistance of trial counsel. We affirm.

I.

On June 28, 2016, the State charged McField with one count of assault in the first degree with a firearm enhancement, one count of unlawful possession of a firearm in the first degree, and one count of obstructing a law enforcement officer. The State later added two additional counts of assault in the first degree each with firearm enhancements, one count of drive-by shooting, and three counts of assault in the

second degree with firearm enhancements. At arraignment, McField entered a not guilty plea on all counts.

McField was represented by attorney Matthew McGowan. McField's charges arose out of three separate instances that could have been tried separately. McGowan estimated that if McField lost at trial, his sentence would have been in the "35- to 45-year range, but that with depending on how many trials there were and how a judge decided to sentence at the end, it could be up to 50 or 60 years."

The State offered McField a plea deal with a recommended sentence of 15 years. McField reviewed the plea offer with McGowan.

On July 24, 2017, McField accepted the deal and pleaded guilty to one count of assault in the first degree with a firearm sentencing enhancement, and one count of unlawful possession of a firearm in the first degree. McField signed the statement of defendant.

McField was crying when he entered into the plea deal. McField told the judge that he had reviewed the agreement, that he was waiving his rights to trial, and that no one was forcing him to accept the plea deal.

> [MCGOWAN]: . . . I believe he's moving forward today with his plea knowingly, intelligently and voluntarily.
> THE COURT: Mr. McField, good morning. Do you agree with everything that Mr. McGowan, your attorney, just said?
> [MCFIELD]: Yes, Your Honor.
> THE COURT: Have you had the opportunity to thoroughly review the Statement of Defendant on Plea of Guilty with Mr. McGowan?
> [MCFIELD]: Yes, Your Honor.
> THE COURT: Did he answer all of your questions about the form, about the decision to plead guilty, and about your case?
> [MCFIELD]: Yes, sir.

The court accepted the plea, finding that McField entered into the guilty plea knowingly, voluntarily, and intelligently.

The day after entering the guilty plea, McField told McGowan that he wanted to withdraw the guilty plea. McGowan acknowledged that McField was not happy about the plea and that another attorney, Robert Quillian, took over the case soon after.

McField filed a motion to withdraw his guilty plea. The hearing on the motion was held on April 17, 2018. At the hearing, McField confirmed that he signed the statement of defendant, but said that he was coerced into accepting the plea because trial was scheduled to start that day. McField said that McGowan told him "that the plea was the best way to go; that if I continued, that trial was going to start that day and that I had no defense and that I was going to get 60 to 80 years if I didn't take the deal."

McField testified that at the time he entered the guilty plea, he did not believe that he was voluntarily entering into a plea. McField also testified that he never had the opportunity to review the police reports in his case. McGowan and his assistant defense counsel, Kelley Kavanaugh, testified about reviewing the discovery, including the police reports, with McField.

The court found that McGowan

provided the defendant with effective assistance of counsel through the duration of the representation and was prepared to proceed to trial had the defendant chosen not to accept the guilty plea. Mr. McGowan, however, did not show [McField] the police reports or provide him a copy for his own use. He did however convey the substance of the police reports and other discovery during their consultations.

The trial court found that McField did not meet his burden to establish a manifest injustice that would warrant the withdrawal of his guilty plea, concluding that the "defendant entered that plea knowingly, voluntarily, and intelligently. He made the

-3-

decision to plead guilty and forgo his trial after full consultation with his attorney. That attorney more than adequately assisted the defendant in the decision of whether to plead guilty." The court found McGowan and Kavanaugh's testimony to be credible.

McField appeals.

II.

McField first challenges the trial court's conclusion that he knowingly, intelligently, and voluntarily entered into his guilty plea. McField argues that he did not make a voluntary plea because his attorney placed him under undue duress by coercing him to accept the plea deal. He also argues that his plea was not knowing because he never reviewed the discovery and police reports for his case. We disagree.

A denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. State v. A.N.J., 168 Wn.2d 91, 106, 225 P.3d 956 (2010). The trial court must permit a defendant to withdraw a guilty plea when withdrawal is necessary to correct a manifest injustice. CrR 4.2(f). The Washington Supreme Court recognizes four nonexclusive criteria of manifest injustice which are (1) the denial of effective counsel, (2) the plea was not ratified by the defendant, (3) the plea was involuntary, and (4) the plea agreement was not kept by the prosecution. State v. Wakefield, 130 Wn.2d 464, 472, 925 P.2d 183 (1996). "A written statement on plea of guilty in compliance with CrR 4.2(g) provides prima facie verification of its constitutionality, and when the written plea is supported by a court's oral inquiry on the record, the presumption of voluntariness is well nigh irrefutable." State v. Davis, 125 Wn. App. 59, 68, 104 P.3d 11 (2004) (citing State v. Perez, 33 Wn. App. 258, 261-62, 654 P.2d 708 (1982)).

Here, McField acknowledges that he signed the statement of defendant for the guilty plea. When the trial court accepted McField's guilty plea, the court asked McField if he was entering into the plea knowingly, voluntarily, and intelligently, and McField affirmed that he was. The written evidence and oral testimony establish his voluntariness. Although McField testified that he was coerced into signing the plea, and that he did not think he was voluntarily entering into the plea, the court found that "[t]he defendant decided of his own accord to accept the State's plea offer."

Although McField testified that he did not see the police reports or discovery in his case, based on the testimony of counsel, the trial court found that McGowan conveyed the substance of the reports and other discovery to McField. While McField and McGowan presented conflicting evidence, the court ultimately found McGowan to be credible.

McField has not demonstrated that the trial court abused its discretion in denying his motion to withdraw his plea.

### III.

McField next contends that he was denied effective assistance of counsel. McField argues that McGowan failed to investigate his case by failing to provide discovery to McField before he entered his guilty plea. We disagree.

Because claims of ineffective assistance of counsel present mixed questions of fact and law, the standard of review is de novo. A.N.J., 168 Wn.2d at 109. To demonstrate ineffective assistance of counsel, the defendant must show "(1) that his counsel's performance fell below an objective standard of reasonableness and, if so, (2) that counsel's poor work prejudiced him." A.N.J., 168 Wn.2d at 109 (citing Strickland v.

Washington, 46 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The defendant must demonstrate both deficient performance and prejudice. State v. Hendrickson, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996). To show prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different." Hendrickson, 129 Wn.2d at 78. We presume that the defendant was properly represented. Hendrickson, 129 Wn.2d at 77-78.

The presumption of counsel's adequate representation can be overcome by a showing that counsel failed to conduct appropriate investigations. State v. Thomas, 109 Wn.2d 222, 230, 743 P.2d 816 (1987). McField relies upon State v. Jones, 183 Wn.2d 327, 339-40, 352 P.3d 776 (2015), for his argument that his trial counsel was ineffective for failing to investigate his case. In Jones, trial counsel was found ineffective for failing to interview three key witnesses and offering "absolutely no reason" for failing to do so. Jones, 183 Wn.2d at 340.

McField argues that McGowan failed to investigate his case because he did not provide the police reports to McField before he entered his guilty plea. Not providing independent copies of police reports is not, however, the same as not investigating the case. McGowan estimated meeting with McField at least a dozen times. He brought in two additional attorneys to help investigate and consult on the case. Counsel then conducted witness interviews with "pretty much everyone who was on [McField's] side of the case." As the trial court found, counsel also met with McField and his father and conveyed the substance of the police reports and witness interviews.

Because McField has failed to demonstrate that McGowan's performance fell below an objective standard of reasonableness, McField's ineffective assistance of counsel claim fails.

IV.

In McField's statement of additional grounds he argues that McGowan did not obtain all of the discovery in his case, constituting ineffective assistance of counsel. Specifically, McField argues that McGowan did not obtain 250 photographs of the scene that were taken after the incident.

McField cites to the report of proceedings where McGowan discusses the photographs taken at the scene. McGowan confirmed that he reviewed the "scene photographs" with McField. He also testified that he had taken photos of "the house and where things would have fallen."

McField has not demonstrated that McGowan failed to investigate his case. His argument about McGowan's failure to obtain the photographs is disputed, and this claim does not appear to constitute McGowan's failure to investigate. For these reasons, McField's additional ineffective assistance of counsel claim fails.

We affirm.

_____
Mann, ACJ

WE CONCUR:

_____            _____
Leach, J.                            Dwyer, J.